[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case came before the court by means of a transfer from the Small Claims. The motion alleged a counterclaim in excess of the small claims jurisdiction. The motion was signed by the defendants pro se.
The defendants filed an answer, an "affirmative defense" and two counterclaims. The plaintiff filed a request to revise the answer to make it conform to the Practice Book. Further, the request also sought the deletion of the "affirmative defense" and the two counterclaims. The defendant pro se, filed objections. The court ruled that all objections were overruled. The plaintiff filed a motion for default and nonsuit which resulted in an order granting a default and nonsuit, unless a pleading being filed in 60 days. A motion to reinstate the affirmative defense and counterclaims was denied. CT Page 5803
The case was assigned for trial on April 16, 1996. On April 14, 1996, Robert H. Montgomery, pro se, filed his appearance in court; (Juris No. 038669) for both defendants. On April 16, 1996, the defendant filed a pleading dated April 6, 1996, purporting to be an answer, which still did not conform to the Practice Book. See P.B. §§ 160, 161.
Trial was held on April 16 and 23, 1996. The plaintiff produced as a witness Josephina Piroli, who testified without interruption, as to the nature and amount of the plaintiff's claim. The cross-examination went on without incident. Thereafter, the defendant made a statement for the record.
The court finds the issues for the plaintiff, and the plaintiff may recover the sum of $967.76, with interest from the defendants.
The court is aware that the matter was originally in the Small Claims, and was transferred to the regular docket. The affidavit and motion of the defendant claims two counterclaims that are greater than the jurisdiction of the Small Court. Both counterclaims were stricken by Judge Hadden (8/22/94).
 "Where a party appears pro se, as he had every right to do, his rights and claim should "`receive the same consideration as if he had been represented by an attorney.' Martin v. Martin, 188 Neb. 393, 397, 197 N.W.2d 388 (1972)." (Citation omitted). Our courts attempt to be "solicitous of the rights of pro se litigants and . . . will endeavor to see that such a litigant shall have the opportunity to have his case fully and fairly heard. . . ." (Citation omitted). Although we are lenient to parties who represent themselves, such leniency should not be invoked as to affect adversely the other parties' rights. Furthermore, we will not wholly disregard our rules of practice, "adherence to which is necessary in order that the parties may know their rights and in order that the real issues in controversy may be presented and determined." (Citation omitted).
Lo Sacco v. Young, 20 Conn. App. 6, 16.
The plaintiff may recover its costs and may recover an attorney's fee of $500.00 pursuant to § 52-261a C.G.S.
Robert P. Burns CT Page 5804 State Trial Referee